United States District Court
Southern District of Texas
**ENTERED**
January 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| BRANDON GONZALES § | |
| Petitioner, § | |
| § | |
| VS. § | CIV. NO. 7:18-cv-00034 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

### REPORT & RECOMMENDATION

Petitioner, Mr. Brandon Gonzales, a state prisoner proceeding pro se, filed an application for writ of habeas corpus on February 5, 2018. (Dkt. No. 1.) This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b). On October 15, 2018, Respondent filed a motion for summary judgment in response to Petitioner's writ. (Dkt. No. 4.)

Petitioner's petition is in the form of a state application for habeas relief addressed to the Court of Criminal Appeals of Texas. (Dkt. No. 1.) Notwithstanding any label a petitioner may use, this Court must consider a habeas petition under the proper statutory framework. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n. 1 (5th Cir. 1987) (indicating that courts may re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint."). Petitioner is in state custody and is complaining that his incarceration violates "the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court, therefore, construes Petitioner's application for a writ of habeas corpus as a petition under § 2254.

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 4) be **GRANTED**. It is further recommended that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** with prejudice as time-barred, and the case be closed. Finally, it is recommended that that the District Court **DECLINE** to issue a certificate of appealability in this matter.

## BACKGROUND

### I. Procedural History

On March 12, 2015, Petitioner was convicted of murder in the 398th District Court in Hidalgo County. (*See* Dkt. No. 1 at 1-2; Dkt. No. 4-1, Exhibit A, Judgment of Conviction from the 389th Judicial District Court, Hidalgo County, Texas.) Petitioner was sentenced to 25 years' incarceration. (Dkt. No. 4-1 at 2.) In his petition, Petitioner states that he did not appeal his conviction or sentence. (Dkt. No. 1 at 3.) Petitioner states that he has not previously filed an application for writ of habeas corpus under Texas law. (*Id.*) Respondent, as part of the motion for summary judgement, added that Petitioner has not filed an application for state writ of habeas corpus; in support of said proposition, the Respondent provided an affidavit that there is no record of post-conviction habeas corpus matters in the Petitioner's state proceedings. (Dkt. No. 4 at 3; Dkt. No. 4-2, Exhibit B, Affidavit from Clerk of the Texas Court of Criminal Appeals.)

### II. Summary of the Pleadings

Petitioner raises five claims in his petition: (1) his guilty plea was unconstitutional as it was involuntary, that he did not understand the consequences of pleading guilty, and that the plea bargain agreement was broken; (2) his Fifth Amendment right was violated when his testimony before a grand jury was used against him after he was promised immunity; (3) the prosecution withheld evidence, failed to preserve evidence, admitted hearsay, and he "was denied expert

assistance at court"; (4) "[t]he instructions were unconstitutional because they did not tell the Judge that the prosecution must prove all crucial elements of guilt beyond a reasonable doubt" and the "[e]vidence was insufficient to sustain the Judge verdict of guilty"; and (5) his attorney rendered ineffective assistance of counsel by not effectively representing Petitioner, by showing no interest in the case, and by promising that by pleading guilty, Petitioner would get a lesser charge or probation. (Dkt. No. 1 at 6-14.)

Respondent claims that Petitioner's petition is untimely and his claims unexhausted. (Dkt. No. 4 at 1.)

## ANALYSIS

### I. Timeliness of Petitioner's § 2254 Claims

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitation within which federal prisoners can file a motion attacking a sentence under 28 U.S.C. §2254. The limitations are codified at 28 U.S.C. § 2244(d)(1) as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted on March 12, 2015. (Dkt. No. 1 at 1-2; Dkt. No. 4-1 at 2.) Petitioner states that he did not appeal the conviction. (Dkt. No. 1 at 3.) Therefore, the conviction became final on April 13, 2015, thirty days after the date of his judgment and at the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); Tex. R. App. P. 26.2(a)(1). Per § 2244(d)(1), Petitioner then had until April 13, 2016 to timely file a § 2254 petition.

The petition is deemed filed when the Petitioner deposited it in the mail. *See* R. Gov. Sec. 2254 Cases 3(d) (explaining that a petition is timely filed if placed in the prison's mailing system on or before the last day to file). Petitioner signed his Petition on September 25, 2017. (Dkt. No. 1 at 17.) Assuming that it was on this date that Petitioner placed the petition in the mail, the earliest date that the petition could be deemed filed, the petition is not timely per § 2254(d)(1)(A). Petitioner does not claim that there was an impediment created by State action, that the Supreme Court has recognized a new constitutional right, or that he had just discovered the factual predicate of the claim. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Section 2244(d)(2) provides that the one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Petitioner states that he has not filed an application for a writ of habeas corpus in Texas. Respondent confirmed this point by providing the court with an affidavit from the Court of Criminal Appeals attesting to this fact.[1] (Dkt. No. 4-2, Exhibit B.)

---

[1] "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c). To satisfy the exhaustion requirement, the claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In the state of Texas, the Texas Court of Criminal Appeals is the highest court for the purpose of exhaustion. *Id.* at 431. By failing to apply for relief first with the Texas Court of Criminal Appeals, Petitioner's claims are unexhausted in addition to being time-barred.

Petitioner has not shown how the present petition is timely and therefore the petition should be dismissed as untimely.

## II. Equitable Tolling

Petitioner does not contend that the circumstances here could qualify for equitable tolling. Nevertheless, in light of his pro se status, this issue will be considered. The doctrine of equitable tolling may apply to an untimely motion if a petitioner can show that he has pursued his right diligently and some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A habeas corpus petitioner bears the burden of establishing that some extraordinary circumstance stood in his way. *See Pace*, 544 U.S. at 418.

Petitioner has not attempted to meet his burden to show that equitable tolling should be applied, nor does the record reflect the existence of exceptional circumstances that would warrant equitable tolling. There is nothing to suggest that Petitioner was "prevented in some extraordinary way from asserting his rights." *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (internal quotations omitted). Although Petitioner may not have been familiar with the requirements of § 2244(d)(1), "neither his *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling." *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (citing *Turner v. Johnson*, 177 F.3d 710, 713 (5th Cir. 1999)). Because this case presents no extraordinary circumstances that prevented Petitioner from timely filing his petition, equitable tolling does not apply.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 4) be **GRANTED**. It is further recommended that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** with prejudice as time-barred, and the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. The Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a Certificate of Appealability ("COA").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). On procedural grounds, Petitioner failed to file the petition in a timely manner pursuant to 28 U.S.C. § 2244(d)(1). Petitioner cannot show that reasonable jurists would find it debatable that the petition was timely filed. Therefore, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 4th day of January, 2019.

Juan F. Alanis
United States Magistrate Judge